IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| UDUAK NELSON UDOH, | |
| Plaintiff, | |
| v. | Civil Action No. 3:21-cv-03006-B |
| MERRICK GARLAND, Attorney General of the United States, *et al.*, | |
| Defendants. | |

## <u>DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT</u>

Defendants Merrick Garland, Attorney General of the United States; U.S.

Department of Homeland Security (DHS); Alejandro Mayorkas, Secretary, U.S.

Department of Homeland Security; United States Citizenship and Immigration Services

(USCIS); Ur Jaddou, Director, USCIS;[1] and Kristine Crandall, Acting Director, USCIS

Texas Service Center[2] (hereafter, collectively referred to as "Defendants"), by and

through the United States Attorney for the Northern District of Texas and the

undersigned Assistant United States Attorney, without waiving any defenses or

affirmative defenses to which Defendants may be entitled, file this answer and

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Jaddou is automatically substituted for her predecessor.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Crandall is automatically substituted for her predecessor.

affirmative defenses to the June 28, 2021 amended complaint of Plaintiff Uduak Nelson Udoh and respectfully show the Court as follows:

1.     Defendants lack sufficient information to admit or deny the allegations in paragraph 1 of Plaintiff's amended complaint.  To the extent a response is required, Defendants deny the allegations in paragraph 1.

2.     With respect to sub-paragraph 2a, Defendants deny that Kirt Thompson is the Director of the USCIS Texas Service Center, but admit the remaining allegations of that sub-paragraph.  With respect to sub-paragraphs 2b, 2c, and 2d, Defendants deny that DHS and USCIS are located at the referenced addresses, but admit the remaining allegations of those sub-paragraphs.  Defendants deny the allegations in sub-paragraph 2e.  Defendants admit the allegations in sub-paragraph 2f.

3.     Paragraph 3 contains Plaintiff's characterization of the lawsuit to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 3.

4.     Defendants admit the allegations in paragraph 4.

5.     Defendants deny the allegations in paragraph 5.

6.     With respect to paragraph 6, Defendants admit that "USCIS . . . failed to approve the waiver for job offer requirement," but deny the remaining allegations of that paragraph.

7.     With respect to paragraph 7, Defendants admit that "USCIS denied Plaintiff's application," but deny the remaining allegations of that paragraph.

8.     Defendants deny the allegations in paragraph 8.

9.      Defendants deny the allegations in paragraph 9.

10.     Defendants deny the allegations in paragraph 10.

11.     Paragraph 11 contains Plaintiff's legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 11.

12.     Paragraph 12 contains Plaintiff's legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 12.

13.     Paragraph 13 contains Plaintiff's characterization of himself to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 13.

14.     Defendants admit the allegations in the first sentence of paragraph 14.  The second sentence of paragraph 14 contains Plaintiff's characterization of DHS's statutory functions and responsibilities to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second sentence of paragraph 14.

15.     Defendants admit the allegations in the first sentence of paragraph 15.  The second and third sentences of paragraph 15 contains Plaintiff's characterization of Secretary Mayorkas's responsibilities to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second and third sentences of paragraph 15.  The fourth sentence of paragraph 15 contains Plaintiff's characterization of the lawsuit to which no response is required.  To the extent a response is required, Defendants deny the allegations in the fourth sentence of paragraph 15.

16.     Defendants admit the allegations in paragraph 16, averring that USCIS does not have exclusive authority for the administration and enforcement of the Immigration and Nationality Act and all other laws relating to immigration.

17.     Defendants deny the allegations in the first sentence of paragraph 17.  The second and third sentences of paragraph 17 contain Plaintiff's characterization of the USCIS Director's responsibilities to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second and third sentences of paragraph 17.  The fourth sentence of paragraph 17 contains Plaintiff's characterization of the lawsuit to which no response is required.  To the extent a response is required, Defendants deny the allegations in the fourth sentence of paragraph 17.

18.     The first and second sentences of paragraph 18 contains Plaintiff's characterization of the USCIS Texas Service Center Director's responsibilities to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first and second sentences of paragraph 18.  The third sentence of paragraph 18 contains Plaintiff's characterization of the lawsuit to which no response is required.  To the extent a response is required, Defendants deny the allegations in the third sentence of paragraph 18.

19.     Defendants admit the allegations in the first sentence of paragraph 19.  The second sentence of paragraph 19 contains Plaintiff's characterization of the lawsuit to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second sentence of paragraph 19.

20.      Paragraph 20 contains Plaintiff's legal conclusions to which no response is required.  The legal authority cited by Plaintiff speaks for itself.  To the extent a response is required, Defendants deny the allegations in paragraph 20.

21.      Paragraph 21 contains Plaintiff's legal conclusions to which no response is required.  The legal authority cited by Plaintiff speaks for itself.  To the extent a response is required, Defendants deny the allegations in paragraph 21.

22.      Paragraph 22 contains Plaintiff's legal conclusions to which no response is required.  The legal authority cited by Plaintiff speaks for itself.  To the extent a response is required, Defendants deny the allegations in paragraph 22.

23.      Paragraph 23 contains Plaintiff's legal conclusions to which no response is required.  The legal authority cited by Plaintiff speaks for itself.  To the extent a response is required, Defendants deny the allegations in paragraph 23.

24.      Paragraph 24 contains Plaintiff's legal conclusions to which no response is required.  The legal authority cited by Plaintiff speaks for itself.  To the extent a response is required, Defendants deny the allegations in paragraph 24.

25.      Paragraph 25 contains Plaintiff's legal conclusions to which no response is required.  The legal authority cited by Plaintiff speaks for itself.  To the extent a response is required, Defendants deny the allegations in paragraph 25.

26.      Paragraph 26 contains Plaintiff's legal conclusions to which no response is required.  The legal authority cited by Plaintiff speaks for itself.  To the extent a response is required, Defendants deny the allegations in paragraph 26.

27.     Paragraph 27 contains Plaintiff's legal conclusions to which no response is required.  The legal authority cited by Plaintiff speaks for itself.  To the extent a response is required, Defendants deny the allegations in paragraph 27.

28.     Paragraph 28 contains Plaintiff's legal conclusions to which no response is required.  The legal authority cited by Plaintiff speaks for itself.  To the extent a response is required, Defendants deny the allegations in paragraph 28.

29.     Defendants admit the allegations in paragraph 29, averring that Exhibit A speaks for itself.

30.     Defendants lack sufficient information to admit or deny the allegations in paragraph 30, averring that Exhibit B speaks for itself.  To the extent a response is required, Defendants deny the allegations in paragraph 30.

31.     Defendants lack sufficient information to admit or deny the allegations in paragraph 31, averring that Exhibit C speaks for itself.  To the extent a response is required, Defendants deny the allegations in paragraph 31.

32.     Defendants deny the allegations in the first sentence of paragraph 32.  The second sentence of paragraph 32 contains Plaintiff's legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second sentence of paragraph 32, averring that the cited legal authorities and Exhibit D speak for themselves.

33.     With respect to paragraph 33, Defendants admit that USCIS issued a Request for Evidence on February 5, 2021, averring that Exhibit E speaks for itself.

34.     With respect to the first sentence of paragraph 34, Defendants admit that Plaintiff responded to the Request for Evidence, but Defendants deny the remaining allegations in the first sentence of paragraph 34. With respect to the remaining sentences of paragraph 34, Defendants aver that Exhibits F, F-1, and H speak for themselves.

35.     Defendants deny the allegations in paragraph 35.

36.     Defendants deny the allegations in paragraph 36, averring that Exhibit G speaks for itself.

37.     The first sentence of paragraph 37 contains Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the first sentence of paragraph 37. Defendants deny the allegations in the second sentence of paragraph 37. The third and fourth sentences of paragraph 37 purport to quote letters, which letters are the best evidence of their contents. To the extent a response is required, Defendants deny the allegations in the third and fourth sentences of paragraph 37. Defendants deny the allegations in the last sentence of paragraph 37, averring that Exhibit G speaks for itself.

38.     Defendants deny the allegations in paragraph 38.

39.     The first sentence of paragraph 39 contains Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the first sentence of paragraph 39. Defendants deny the allegations in the remaining sentences of paragraph 39, averring that Exhibit H speaks for itself.

40.     Defendants lack sufficient information to admit or deny the allegations in paragraph 40.  To the extent a response is required, Defendants deny the allegations in paragraph 40.

41.     Paragraph 41 purports to quote and summarize letters, which letters are the best evidence of their contents.  To the extent a response is required, Defendants deny the allegations in paragraph 41, averring that Exhibit G speaks for itself.

42.     The first sentence of paragraph 42 contains Plaintiff's legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence of paragraph 42.  Defendants deny the allegations in the second, third, and fourth sentences of paragraph 42.  The remaining sentences of paragraph 42 purport to characterize articles that Plaintiff submitted to USCIS, which articles are the best evidence of their contents.  To the extent a response is required, Defendants deny the allegations in the remaining sentences of paragraph 42, averring that Exhibit H speaks for itself.

43.     Defendants deny the allegations in paragraph 43, averring that Exhibit I speaks for itself.

44.     The first sentence of paragraph 44 purports to quote from USCIS's decision, which is the best evidence of its contents.  To the extent a response is required, Defendants deny the allegations in the first sentence of paragraph 44.  Defendants deny the remaining allegations in paragraph 44, averring that Exhibit I speaks for itself.

45.      Defendants deny the allegations in paragraph 45, averring that the cited decision by the USCIS Administrative Appeals Office speaks for itself.

46.     Defendants deny the allegations in paragraph 46.

47.     Defendants deny the allegations in paragraph 47, averring that the cited decision speaks for itself.

48.     Defendants deny the allegations in paragraph 48, averring that the cited decision speaks for itself.

49.     Defendants deny the allegations in paragraph 49.

50.     With respect to paragraph 50, Defendants incorporate their responses to paragraphs 1–49 as set forth above in their entirety.

51.     Paragraph 51 contains Plaintiff's legal conclusions to which no response is required.  The legal authority cited by Plaintiff speaks for itself.

52.     Paragraph 52 contains Plaintiff's legal conclusions to which no response is required.  The legal authority cited by Plaintiff speaks for itself.

53.     Paragraph 53 contains Plaintiff's legal conclusions to which no response is required.  The legal authority cited by Plaintiff speaks for itself.

54.     Defendants deny the allegations in paragraph 54.

55.     Defendants deny the allegations in paragraph 55.

56.     Defendants deny the allegations in paragraph 56.

57.     Defendants deny the allegations in paragraph 57.

58.     Defendants deny the allegations in paragraph 58.

59.     Defendants deny the allegations in paragraph 59.

60.     The paragraph that begins with the word "WHEREFORE" and the subsequent sub-paragraphs A, B, C, D, and E consist of Plaintiff's requests for relief, to

which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## General Denial

Any allegation contained in Plaintiff's amended complaint that has not been specifically and expressly admitted or explained by Defendants herein is hereby denied.

## Affirmative Defenses

As separate and complete defenses hereto, and without waiving any of the above, Defendants offer the following affirmative defenses:

1.     To the extent Plaintiff's amended complaint purports to make allegations that were not asserted in Plaintiff's administrative claim(s) that form the basis of this lawsuit, or for which an administrative claim was not properly and timely filed and exhausted, any claims relating to such matters are barred.

2.     Defendants' actions fully comported with the relevant law and did not violate the Administrative Procedure Act, the Immigration and Nationality Act, or any other law.

3.     Plaintiff has failed to satisfy his burden of establishing that he is eligible for the benefit requested in his Form I-140 petition filed on February 19, 2020.

4.     Plaintiff's amended complaint fails to state a claim upon which relief may be granted in whole or in part.

5.     Plaintiff is not entitled to any form of relief, including declaratory or injunctive relief or relief under the Administrative Procedure Act.

6.      Defendants reserve the right to plead all other defenses that may later become applicable, including but not limited to estoppel, res judicata, statute of limitations, waiver, and fraud.

## Prayer for Relief

Having fully answered Plaintiff's amended complaint, Defendants respectfully request that, after due proceedings be had, judgment be granted in Defendants' favor dismissing Plaintiff's amended complaint with prejudice, with Plaintiff to bear the costs of defending this litigation, including any attorneys' fees, and for such other relief to which Defendants are justly entitled.

Respectfully submitted,

CHAD E. MEACHAM
United States Attorney

/s/ Lisa R. Hasday
Lisa R. Hasday
Assistant United States Attorney
Texas Bar No. 24075989
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8737
Facsimile:    214-659-8807
lisa.hasday@usdoj.gov

Attorneys for Defendants

Certificate of Service

On January 10, 2022, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Lisa R. Hasday
Lisa R. Hasday
Assistant United States Attorney