IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

UDUAK NELSON UDOH,
Plaintiff,

v.

MERRICK GARLAND, Attorney General of the United States, *et al.*,

Defendants.

Civil Action No. 3:21-CV-03006-B

# JOINT STATUS REPORT

As ordered by the Court under Federal Rules of Civil Procedure 16(b) and 26(f) (ECF No. 19), counsel for Defendants Merrick B. Garland, Department of Homeland Security, Alejandro Mayorkas, United States Citizenship and Immigration Services, Tracy Renaud, and Kristine Crandall[1] (together USCIS) and Plaintiff Uduak Nelson Udoh conferred about this case and submit this Joint Status Report. Part I below contains the parties' joint proposed schedule in this Administrative Procedure Act (APA) case and Part II contains the information requested by the Court.

## I.      JOINT PROPOSAL

Because Udoh seeks "review of the administrative action of [a] federal agency,"

---

[1] Kristine Crandall recently succeeded Kirt Thompson and is serving as Acting Director of the Texas Service Center. Under Federal Rule of Civil Procedure 25(d), Crandall is the successor of "a public officer who is a party in an official capacity," so she is "automatically substituted as a party" here.

Local Civil Rule 16.1(i) and Federal Rule of Civil Procedure 26(a)(1)(B)[2] exempts this case from the conference, scheduling, and planning requirements of Rules 16(b) and 26(f). *See also* Fed. R. Civ. P. 16(b)(1) (authorizing federal courts to promulgate local rules that exempt categories of cases from Rule 16(b)'s scheduling-order requirements).

Nonetheless, the parties agree that a Court-approved schedule—including, among other things, (a) deadline for filing the administrative records and (b) a briefing schedule for cross-motions based on the administrative record—will promote the efficient resolution of this case and conserve judicial and the parties' resources.

**Proposed deadlines**

| Proposed Pleadings and Administrative Record Schedule | |
|---|---|
| Deadline to file motions for leave to join additional parties | Tuesday, April 12, 2022 |
| Deadline to file administrative record | Tuesday, April 12, 2022 |
| Deadline for plaintiff to file motion for leave to conduct formal discovery outside the administrative record | Tuesday, April 19, 2022 |
| Deadline to amend pleadings | Tuesday, April 19, 2022 |
| Proposed Briefing Schedule | |
| Deadline for plaintiff to file a dispositive motion based on the administrative record | Tuesday, May 3, 2022 |
| Deadline for defendants to file consolidated cross-dispositive motion based on the administrative record and response to plaintiff's dispositive motion | Tuesday, May 31, 2022 |

---

[2] Rule 26(a)(1)(B) prescribes that "an action for review on an administrative record," such as this one, is "exempt from initial disclosures," and Rule 26(f)(1) prescribes that such an action is exempted from the conferences contemplated under Rules 26(f) and 16(b).

| | |
|---|---|
| Deadline for plaintiff to file consolidated reply and response to defendants' cross-dispositive motion | Tuesday, June 14, 2022 |
| Deadline for defendants to file a reply | Tuesday, June 21, 2022 |

## II.     OTHER MATTERS

The numbered headings below correspond to the numbered items on pages 2–4 of the Court's Status Report Order (ECF No. 19).

### 1.   A brief statement of the nature of the case, including the contentions of the parties;

#### a.   *Plaintiff's Statement*

Plaintiff seeks declaratory and injunctive relief against the Defendants under the Administrative and Procedure Act ("APA"), 5 U.S.C. § 701, et. seq. This action also seeks judicial review of an arbitrary and capricious denial of Plaintiff's I-140 Immigrant Petition for Alien Worker by the U.S. Citizenship and Immigration Services ("USCIS"), which amounts to an abuse of discretion.

Defendant USCIS unlawfully failed to classify Plaintiff as an alien holding an advanced degree in accordance with Section 203(b)(2)(A) of the Immigration and Nationality Act, and failed to approve the waiver for job offer requirement. Plaintiff contends that Defendants denied his application principally because it wrongly alleged Plaintiff had not established that he had the required qualifications (including employer letter) which Plaintiff included as part of his response to Request for Evidence ("RFE").

Although Defendant USCIS acknowledged that it received Plaintiff's response on April 20, 2021, it failed to acknowledge its receipt of letters provided by Plaintiff's employers, which are relevant evidence showing Plaintiff's eligibility for classification as a member of the professions holding an advanced degree.

Defendants also failed to put into consideration an independent Strength Analysis, which provided the substantial nature of Plaintiff's work and the overall national benefit to the U.S. economy. Hence, Defendant USCIS (1) arbitrarily disregarded Plaintiff's evidence; (2) entirely failed to discuss or otherwise demonstrate that it considered all the material evidence; and (3) offered an implausible, cursory explanation for denying Plaintiff's petition that runs counter to the unquestioned, credible and irrefutable evidence of record.

The APA empowers this Court to set aside a final agency action where, as here, the agency's action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A), which is Plaintiff's prayer for relief.

    **b.** ***Defendants' Statement***

Defendants' actions fully comported with the relevant law and did not violate the Administrative Procedure Act (APA), the Immigration and Nationality Act, or any other law. Plaintiffs are not entitled to any form of relief, including declaratory or injunctive relief or relief under the APA. To the extent Udoh's complaint purports to make allegations that were not also made in the petition for immigration benefits filed on Udoh's behalf (Form I-140) or in response to the agency's request for evidence, or for

which an administrative claim was not properly and timely filed and exhausted, any claims relating to such matters are barred.

> 2. **Any challenge to jurisdiction or venue, including any procedural defects in the removal, if this case was removed;**

None.

> 3. **Any pending motions;**

None.

> 4. **Any matters which require a conference with the court;**

None.

> 5. **Likelihood that other parties will be joined or the pleadings amended;**

Not likely at this time.

> 6. **(a) An estimate of the time needed for discovery, with reasons, (b) a specification of the subjects on which discovery may be needed, and (c) whether discovery should be conducted in phases or be limited to or focused upon particular issues;**

Because this is an action challenging a final administrative decision under the Administrative Procedure Act, there should be no need for discovery, except the disclosure of the administrative record (which USICS proposes to file with the Court by April 12, 2022, as noted in Part I.A above). *See NVE, Inc. v. Dep't of Health & Human Servs.*, 436 F.3d 182, 195 (3d Cir. 2006) ("There is a strong presumption against discovery into administrative proceedings . . . ."); *Medina Cty. Envtl. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) ("[T]he general presumption [is] that review is limited to the record compiled by the agency.").

The parties propose April 19, 2022 (*see* Part I.A above) as Udoh's deadline to move the Court for leave to conduct formal discovery or to supplement the record if it is not satisfied that the administrative record filed by USCIS includes all information required for proper judicial review of the lawfulness of the agency actions it challenges in this lawsuit. Such a motion would include a request to revise the dispositive-motion briefing schedule and other deadlines set by the court that would be impacted by the need to conduct discovery.

> **7.   Any issues related to disclosure or discovery of electronically stored information, including the form or forms (i.e., TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced;**

None.

> **8.   Any issues relating to claims of privilege or of protection as trial-preparation material, including–if the parties agree on a procedure to assert such claims after production–whether they will be asking the Court to include their agreement in an order;**

None at this time.

> **9.   What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed;**

As noted above, judicial review is limited to the administrative record, and discovery beyond the administrative record is prohibited unless and until the plaintiff moves for leave to supplement or to conduct discovery beyond the administrative record.

> **10.  Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c);**

None.

11. **Proposed deadlines with specific dates that limit the time to (a) join other parties and to amend the pleadings; (b) file motions, including summary judgment and other dispositive motions; (c) complete discovery; and (d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2);**

See Part I.A above.

12. **Requested trial date, estimated length of trial, and whether jury has been demanded;**

The parties agree that Udoh's APA challenge to USCIS's denial of his EB-2 visa application should be resolved on cross-motions for summary judgment. *See Am. Stewards of Liberty v. U.S. Dep't of Interior*, 370 F. Supp. 3d 711, 723 (W.D. Tex. 2019) ("Summary judgment is the proper mechanism for deciding, as a matter of law, whether an agency's action is supported by the administrative record and consistent with the APA standard of review." (cleaned up)).

13. **Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c)**

The parties do not agree to trial before a U.S. magistrate judge.

14. **Progress made toward settlement, and the present status of settlement negotiations. This must be a detailed report. Do not submit a generic recitation that settlement was discussed but was unsuccessful.**

The parties discussed settlement and agree that settlement discussions are likely to be most productive after the filing of the administrative record.

15. **What form of alternative dispute resolution (e.g., mediation, arbitration, summary jury trial, court-supervised settlement conference, or early neutral evaluation) would be most appropriate for resolving this case and when it would be most effective; and**

The parties may be open to mediating this matter after the administrative record is

filed with the Court but do not propose that mediation be scheduled at this time. If they do agree to mediate at a later point, the parties are confident that they will be able to agree on a mediator.

**16.   Any other matters relevant to the status and disposition of this case**

None.

Dated: January 21, 2022

Respectfully submitted,

| **Attorney for Plaintiff** | **Attorneys for Defendants** |
|---|---|
| */s/ Anthonia N. Imudia* | CHAD E. MEACHAM |
| **ANTHONIA N. IMUDIA** | UNITED STATES ATTORNEY |
| **Lead Attorney** | |
| FL State Bar No. 1018592 | */s/ George M. Padis* |
| Bar ID: FL0087 | George M. Padis |
| toni@cfuis.com | Assistant United States Attorney |
| Center for U.S. Immigration Services | Texas Bar No. 24088173 |
| 201 E. Kennedy Blvd., Suite 1612 | 1100 Commerce Street, Third Floor |
| Tampa, FL 33602 | Dallas, Texas 75242 |
| (813) 298-7222 | Telephone:   214-659-8600 |
| Fax: (813) 200-1020 | Fax:              214-695-8811 |
| | george.padis@usdoj.gov |

## CERTIFICATE OF CONFERENCE

The parties conferred via videoconference on January 21, 2022, and collaborated on a draft joint 26(f) status report over email afterwards.

 */s/ George M. Padis*
George M. Padis

## CERTIFICATE OF SERVICE

I certify that on January 21, 2022, a copy of the above was electronically filed with the Court's CM/ECF system and served on Plaintiff.

 */s/ George M. Padis*
George M. Padis